COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


JAY JEFFREY BROWN

MEMORANDUM OPINION[*] BY
v.   Record No. 2138-96-4          JUDGE WILLIAM H. HODGES
                                           APRIL 1, 1997
LOUDOUN COUNTY BOARD OF SUPERVISORS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Laurie D. Waters (Jack T. Burgess &
Associates, on brief), for appellant.

Susan A. Evans (Siciliano, Ellis, Dyer &
Boccarosse, on brief), for appellee.


Jay Jeffrey Brown (claimant) contends that the Workers'

Compensation Commission erred in deciding that a notation of

"probable HTN" (hypertension) on his pre-employment physical

notes was sufficient to conclude that Code § 65.2-402(B) was

inapplicable.  We hold that because claimant was not free of

hypertension at his pre-employment physical, the presumption of

Code § 65.2-402(B) was not applicable.  Accordingly, we affirm

the commission's decision denying benefits.

Claimant is 6'3" tall and weighs approximately 330 pounds.

In June or July, 1989, claimant applied for a part-time position

of advanced life support specialist with Loudoun County.  As part

of the application process, claimant underwent a pre-employment

physical examination.  The July 13, 1989 physical examination

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

report reflected blood pressure readings of 162/88, 150/94, 144/104, and 144/98. In this report, Dr. John Hatala listed a diagnosis of "probable HTN" (hypertension).

Code § 65.2-402(B) provides a rebuttable presumption that, absent a preponderance of evidence to the contrary, a causal connection exists between certain public service jobs and hypertension. However, Code § 65.2-402(D) states, in part, that the presumption that hypertension is a work-related occupational disease applies to persons who have "undergone preemployment physical examinations that . . . (iv) found such persons free of . . ., hypertension, . . . at the time of such examinations." Dr. Hatala diagnosed the claimant as having "probable" hypertension. "A statement that a certain condition is probably present means there is a reasonable likelihood of the condition's existence, and this is sufficient to permit a trier of fact to accord the statement probative weight." Cook v. City of Waynesboro Police Dep't, 225 Va. 23, 30, 300 S.E.2d 746, 749 (1983). "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County School Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

The diagnosis of "probable" hypertension at claimant's pre-employment physical examination supports the conclusion that claimant was not free of hypertension at the time he was hired.

2

Therefore, pursuant to Code § 65.2-402(D), the presumption afforded under Code § 65.2-402(B) is not applicable. The commission did not err by denying claimant compensation for his work-related hypertension claim. We affirm the commission's decision.

Affirmed.

3